VERA HOLLIBAUGH, APPELLANT, V. SCHOOL DISTRICT NO. 89, DAWES COUNTY, APPELLEE.

FILED NOVEMBER 20, 1936. No. 29760.

*Fisher & Fisher,* for appellant.

*Porter & Skaggs, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and CARTER, JJ., and MESSMORE, District Judge.

MESSMORE, District Judge.

This is an appeal from the district court for Dawes county, wherein said court found for appellee, and that appellant and her son do not constitute a family under the circumstances of the case, denying appellant's right to recover mileage for the transportation of her son to a public school.

The evidence discloses that appellant, the widow of a deceased son of one C. G. Hollibaugh, Sr., and her son lived in the same house with the said C. G. Hollibaugh under an arrangement, as testified to by appellant, that she would receive board for herself and children, if she would keep house for her father-in-law. She testified further to furnishing other necessities of life for herself and children

besides the food and lodging she received from her said father-in-law, and that she performed general housekeeping duties, such as the cooking, taking charge of the rooms and doing the washing for those who were under the same roof with her and her children.

This state of facts calls for an interpretation of that part of section 79-1902, Comp. St. 1929, as amended by section 79-1902, Comp. St. Supp. 1931, all of said section appearing under the heading "Compulsory Education." The provision follows: "Provided, that when no other means of transportation is provided and when the child or youth lives more than three miles from the public schoolhouse which he or she is authorized to attend by the nearest practicable traveled road where no free transportation is furnished such child or youth, a transportation rate of five cents per family for each day of actual attendance for each one-half of a mile or fraction thereof covering the distance of the residence from the schoolhouse in excess of the three-mile limit shall be paid such family monthly by such district on the basis of the record of attendance of such child or youth to be reported monthly by the teacher to the school board of such public school district; and no pupil shall be exempt from school attendance on account of distance from the public schoolhouse."

The briefs of both appellant and appellee give some very fine definitions of a family. While we are interested in what constitutes a family for the purpose of interpreting this section of the statute, the primary consideration to be given this case is the intent of the legislature relative to the section quoted. It was the evident intent of the legislature to provide transportation under the compulsory education law for children of families at a certain rate where other means of transportation were not furnished. This would not mean that the legislature intended to draw fine distinctions as between the relationships of persons living under one roof, but to provide the manner and payment of transportation going from one household to a public school.

Appellant lived in the home of her father-in-law and car-

ried on the duties primarily of a housekeeper, as shown by the evidence, and while she may have had the management and control of her two children, as most any mother in similar circumstances would have, she was subservient to an arrangement made by her father-in-law conditioned on her performance of certain duties imposed on her for the benefit of all those who lived under the same roof.

The lower court decided that she was a member of the family of her father-in-law for the purposes of this statutory provision. The word "family" requires no technical definition under the provisions of the statute. All the individuals who live under the authority of another, including the servants, constitute a family. A family is a collective body of persons who live in one house under one head or manager. In its broadest sense such definition would naturally apply to a statute where the taxpayers of the school district are paying for the transportation of minor children under certain conditions to afford them the opportunity to acquire an education.

There is no denial that C. G. Hollibaugh, Sr., actually carried on the business necessary for those who lived under the same roof with him. The finding of the lower court that appellant was a member of her father-in-law's family was made in its ruling on the motion for a new trial. The other parties involved in the original action are not before this court; we have just the appeal of appellant for consideration.

The legislature, in providing for the transportation of children under the compulsory education act, where other transportation is not provided, at a certain rate for the children of a family living more than three miles distant from the schoolhouse, had in mind all those persons living under one roof and one general head, and did not contemplate a restriction of the meaning of the word "family," but meant a definition of such word in its broadest sense.

The judgment of the lower court is

AFFIRMED.